**No. 52194.**—Erich S. Herrmann, Inc. *v.* United States, protest 129005–K (Tampa).

Opinion by CLINE, J. When this case was originally heard, a motion to dismiss was made by the Government on the ground that no proper protest had been filed within 60 days from the date of liquidation. This motion was denied in view of the fact that the letter of April 8, 1946, which was timely, referred to previous correspondence setting forth plaintiff's contentions, so that the collector was apprised of the claim. However, no evidence was submitted except plaintiff's letters protesting the assessment of duty, and, after a consideration of the circumstances, the case was restored to the calendar for the introduction of evidence on the question of originality and intended use of the painting. At the rehearing the appraiser testified that he would report it as an original painting within the purview of paragraph 1807. The importer testified that he had seen the artist when he visited Paris; that he had several demands for paintings by the artist but that generally they were too expensive for him; that he purchased the one in question because he did not want to leave the studio without showing the artist his good will; that he sold the painting to a friend of his; and that it had not been copied or reproduced in any manner. On the record presented it was held that the evidence was sufficient to prove that the painting is an original painting in oil and that it is not an article of utility or for industrial use. The claim for free entry under paragraph 1807 was therefore sustained.